**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4795**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD RAY GARNER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:16-cr-00116-D-19)

Submitted:  June 13, 2019                                    Decided:  August 6, 2019

Before WILKINSON and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Ray Garner appeals the 120-month sentence imposed after he pled guilty to conspiracy to distribute and possess with intent to distribute unspecified quantities of narcotics, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) and 21 U.S.C. § 846 (2012). Garner's sentence was within the 100- to 125-month Sentencing Guidelines range determined at sentencing. On appeal, Garner disputes the district court's factual finding as to the drug quantity attributable to him for sentencing purposes. The Government contends that the district court did not err and that, in any event, any such error was harmless because it had no effect on the sentence imposed in that the district court expressly announced the same sentence as an alternate upward variant sentence that is supported by the record. We agree with the Government's latter argument and affirm.

When a sentencing court imposes a Guidelines sentence and states that it would impose the same term as an alternative variant sentence, "rather than review the merits of each [Guidelines] challenge[ ], we may proceed directly to an 'assumed error harmlessness inquiry.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (quoting *United States v. Hargrove*, 701 F.3d 156, 162 (4th Cir. 2012)). An error in the calculation of the Guidelines is harmless if: "(1) 'the district court would have reached the same result even if it had decided the [G]uidelines issue the other way,' and (2) 'the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.'" *Id*. (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

2

Here, the district court explicitly stated that it would have imposed the same 120-month sentence even if it miscalculated Garner's advisory Guidelines range. This statement satisfies the first step of the harmlessness inquiry. *Id*. at 383.

We next consider whether Garner's sentence would be reasonable even if the Guidelines issue was decided in Garner's favor—or, in other words, whether Garner's 120-month sentence is substantively reasonable. *United States v. McDonald*, 850 F.3d 640, 643, 645 (4th Cir. 2017). The record reveals that the district court reviewed the 18 U.S.C. § 3553(a) (2012) sentencing factors in detail and concluded that a 120-month sentence was sufficient, but not greater than necessary, due to the seriousness of the underlying conspiracy, Garner's chronic and unabated recidivism, and to protect the public from Garner's criminal conduct. Given the district court's reasoning and the deferential standard with which we review criminal sentences, *see Gall v. United States*, 552 U.S. 38, 51, 59-60 (2007), we conclude that Garner's sentence would be substantively reasonable even if the disputed Guidelines issue was resolved in his favor, *see Savillon-Matute*, 636 F.3d at 123-24. Thus, even assuming the district court erred in determining Garner's base offense level, given the district court's alternate variant sentence, any such error is harmless.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3